**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**OLAMIDE OLAJIDE, *et al.*,**

**Plaintiffs,**

**v.** **Case No. 24-CV-998**

**JOSEPH NANTOMAH, *et al.*,**

**Defendants.**

# ORDER

On November 20, 2025, the court granted summary judgment in favor of plaintiffs Olamide Olajide and Billyhaan LLC on two claims (breach of contract and the unlawful sale of unregistered securities under Wisconsin law) against defendant High Income Performance Partners LLC ("HIPP"). (ECF No. 31.) The court denied the plaintiffs' motion for summary judgment on four other claims against HIPP and in all respects as to individual defendant Joseph Nantomah. (*See id.*)

The case stalled after the defendants' counsel withdrew and Nantomah was indicted on criminal charges. (*See* ECF No. 36; *see also United States v. Nantomah*, E.D. Wis. Case No. 26-CR-26.) The court instructed HIPP to appear by new counsel because limited liability companies must be represented by a lawyer licensed to practice in the relevant

jurisdiction. (ECF No. 36.) But Nantomah stated during a telephonic status conference on May 11, 2026, that he would not be retaining counsel for HIPP. (ECF Nos. 38–39.)

Now before the court is the plaintiffs' motion to award damages and enter judgment with respect to their two successful claims for which the court has already granted summary judgment. (ECF No. 40.) The court will rule on the motion without the benefit of hearing from HIPP because it has not appeared by counsel.

The plaintiffs argue they are entitled to a single, non-duplicative money judgment against HIPP because the two claims arise from the same injury. (ECF No. 40 at 4.) They request damages in the principal amount of $92,000, together with prejudgment interest at the legal rate and costs and attorney's fees. (*Id.* at 7–8.) They submit that the breach of contract claim establishes the proper damages amount, although the claim for unregistered securities also authorizes the costs and attorney's fees they seek. (*Id.* at 4–5 (citing Wis. Stat. § 551.509(2)(a)).)

The court previously ruled that the plaintiffs were entitled to judgment as a matter of law with respect to their breach of contract claim because HIPP failed to pay a total of $92,000 under two investment agreements. (ECF No. 31 at 9.) That amount reflects the unpaid $70,000 due under the First Investment Agreement, the unpaid $23,000 due under the Second Investment Agreement, and a credit for the $1,000 overpayment made in connection with the Third Investment Agreement. (*Id.*) Therefore, the court concludes that judgment should be entered against HIPP in the principal amount of $92,000.

"Pre[judgment] interest is available when damages are fixed and determinable or may be measured according to a reasonably certain standard." *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 964 F.2d 694, 695 (7th Cir. 1992) (alteration in original) (citations omitted). Where, as here, the parties' contract does not specify a rate, "the appropriate interest rate is Wisconsin's statutory interest rate of five percent." *N. Am. Mech., Inc. v. Walsh Const. Co. II, LLC*, 132 F. Supp. 3d 1064, 1085 (E.D. Wis. 2015) (citing *United States Fire Ins. Co. v. Good Humor Corp.*, 496 N.W.2d 730, 740–41 (Wis. 1993); Wis. Stat. § 138.04). "The general rule as to the time at which interest begins to run on a liquidated claim is that the creditor is entitled to interest from the time payment was due by the terms of the contract." *Estreen v. Bluhm*, 255 N.W.2d 473, 482 (Wis. 1977).

The court agrees that the plaintiffs' damages in this case are fixed and determined. The expired payment deadlines set forth in the relevant contracts establish the dates from which interest should be calculated. (*See* ECF No. 41-1 at 3 (First Investment Agreement promising payment of $70,000 by June 25, 2024); ECF No. 41-3 at 3 (Second Investment Agreement promising payment of $23,000 by February 7, 2024[1]).) The plaintiffs propose to apply the $1,000 overpayment from the Third Investment Agreement to the earliest breach date. (ECF No. 40 at 6.)

[1] The contract specified that the payment was due by February 7, 2023, but the court observed in its ruling on the motion for summary judgment that the year was obviously a typographical error because the contract was executed in October 2023.

At the legal rate of five percent annual interest, the interest on $70,000 from June 25, 2024, through September 3, 2026 (800 days) is $7,671.23, and the interest on $22,000 from February 7, 2024, through September 3, 2026 (939 days) is $2,829.86. Prejudgment interest therefore totals $10,501.09 through September 3, 2026. Post-judgment interest will hereafter accrue as a matter of course under 28 U.S.C. § 1961.

Wisconsin Statute § 551.509(2)(a) authorizes recovery of reasonable attorney's fees and costs in an action to recover the consideration paid for the unlawful sale of an unregistered security. The court will therefore order HIPP to pay the plaintiff's reasonable attorney fees and costs.

The plaintiffs' motion requests to enter judgment on their two successful claims against HIPP and otherwise allow the case to proceed on the remaining claims against HIPP and Nantomah in his individual capacity. (ECF No. 40 at 6–7.) However, based on the status call held on May 11, 2026, the court understood the plaintiffs' intention was to move to dismiss the remainder of the case. (ECF No. 38.) After the plaintiffs filed their motion for damages and for partial judgment, the court held another status call on August 7, 2026, to seek clarity. (ECF No. 43.) During the status call on August 7, plaintiffs' counsel indicated he would meet and confer with the defendant regarding how to proceed on the remaining claims against Nantomah, and the court scheduled another status call for September 4, 2026. (ECF No. 43.)

No counsel appeared for the plaintiffs on September 4, and Nantomah indicated that plaintiffs' counsel had not reached out to him in the interim. (ECF No. 44.) This is the second time that plaintiffs' counsel has failed to appear for a scheduled court hearing. (*See* ECF No. 32.) Although the court recognizes that this case has been delayed by the defendants' unique circumstances, the plaintiffs have made no effort to show that their delay and lack of appearance has not been occasioned by neglect or carelessness. In light of the plaintiffs' lack of diligence, the court will deny their motion for partial judgment and dismiss the remainder of the case with prejudice for failure to prosecute. *See* Civ. L. R. 41(c).

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for damages (ECF No. 40) is **granted** as set forth herein. The plaintiffs are directed to file a fee request establishing their reasonable attorney's fees and costs within fourteen (14) days of this order. If defendant HIPP retains counsel in the interim, it may file a response within seven (7) days of service of the fee request.

**IT IS FURTHER ORDERED** that the plaintiffs' request for entry of partial judgment (ECF No. 40) is **denied.** The remainder of the plaintiffs' claims against both defendants are **dismissed with prejudice**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of September, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge